# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

BILLY CEPERO,

     Petitioner,

vs.

BRIAN WILLIAM, et al.,

     Respondents.

Case No. 2:14-cv-01397-JAD-PAL

**ORDER**

Petitioner has paid the filing fee.  The court has reviewed his petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner will need to file an amended petition.

In state district court, petitioner was convicted of home invasion.  Michael Sanft represented petitioner through sentencing.  Petitioner appealed, and Thomas Michaelides represented him during that appeal.  The Nevada Supreme Court affirmed on September 14, 2011.  Petitioner then filed a state habeas corpus petition on April 2, 2013.  Roy Nelson represented petitioner in the state district court.  The state district court denied the petition, petitioner appealed, and Christopher Oram represents petitioner on appeal.  It appears from the petition that the appeal is pending before the Nevada Supreme Court.

All three grounds of the petition share the same two defects.  First, the grounds are too vague.  Ground 1 states that Sanft was ineffective in his representation of petitioner in the trial court.  Ground 2 states that Michaelides was ineffective in his representation of petitioner on direct

1    appeal.  Ground 3 states that the trial court erred and that the prosecution committed misconduct

2    during the proceedings.

3            In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil
        Procedure, requires only "a short and plain statement of the claim showing that the pleader is
4        entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).  Rule 2(c) of the Rules Governing Habeas
        Corpus Cases requires a more detailed statement.   The habeas rule instructs the petitioner to
5        "specify all the grounds for relief available to [him]" and to "state the facts supporting each
        ground."

6

7    Mayle v. Felix, 545 U.S. 644, 649 (2005).

8            A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to
        assist the district court in determining whether the State should be ordered to "show cause
9        why the writ should not be granted." § 2243.  Under Habeas Corpus Rule 4, if "it plainly
        appears from the petition . . . that the petitioner is not entitled to relief in the district court,"
10       the court must summarily dismiss the petition without ordering a responsive pleading.  If the
        court orders the State to file an answer, that pleading must "address the allegations in the
11       petition." Rule 5(b).

12   Id. at 656.  Petitioner does not provide any facts to support his allegations.  He does not allege what

13   Sanft or Michaelides did or should have done.  He does not allege what errors the trial court

14   committed.  He does not allege what misconduct the prosecution committed.  In an amended

15   petition, petitioner will need to allege facts that can support his grounds.

16           Second, in all three grounds petitioner alleges that Nelson, his attorney in the state habeas

17   corpus proceedings, never briefed any of these issues.  To the extent that petitioner is trying to claim

18   that Nelson provided ineffective assistance, that claim fails.  Petitioner has no right to effective

19   assistance of post-conviction counsel.  Petitioner does not have a right to effective assistance of

20   counsel in state post-conviction habeas corpus proceedings.  Coleman v. Thompson, 501 U.S. 722,

21   752 (1991).  Petitioner needs to omit these allegations in his amended petition.

22           Petitioner has submitted a motion for appointment of counsel (#2).  Whenever the court

23   determines that the interests of justice so require, counsel may be appointed to any financially

24   eligible person who is seeking habeas corpus relief.  18 U.S.C. § 3006A(a)(2)(B).  "[T]he district

25   court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to

26   articulate his claims pro se in light of the complexity of the legal issues involved."  Weygandt v.

27   Look, 718 F.2d 952 (9th Cir. 1983).  There is no constitutional right to counsel in federal habeas

28   proceedings.  McCleskey v. Zant, 499 U.S. 467, 495 (1991).  The factors to consider are not

1    separate from the underlying claims, but are intrinsically enmeshed with them.  <u>Weygandt</u>, 718 F.2d

2    at 954.  After reviewing the petition, the court concludes that appointment of counsel is not

3    warranted.

4         IT IS THEREFORE ORDERED that the motion for appointment of counsel (#2) is

5    **DENIED**.

6         IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of

7    habeas corpus pursuant to 28 U.S.C. § 2254.

8         IT IS FURTHER ORDERED that the clerk of the court shall send petitioner a petition for a

9    writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions.  Petitioner shall have 30

10   days from the date that this order is entered to file an amended petition to correct the noted

11   deficiencies.  Neither the foregoing deadline nor any extension thereof signifies or will signify any

12   implied finding of a basis for tolling during the time period established.  Petitioner at all times

13   remains responsible for calculating the running of the federal limitation period and timely asserting

14   claims.  Failure to comply with this order will result in the dismissal of this action.

15        IT IS FURTHER ORDERED that petitioner shall clearly title the amended petition as such

16   by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus

17   Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the docket

18   number, 2:14-cv-01397-JAD-PAL, above the word "AMENDED."

19        IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney

20   General for the State of Nevada, as counsel for respondents.

21        IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a

22   copy of the petition and this order.  Respondents' counsel shall enter a notice of appearance within

23   20 days of entry of this order, but no further response shall be required from respondents until

24   further order of the court.

25        DATED: October 24, 2014

26

27   _____

28   JENNIFER A. DORSEY
     United States District Judge

-3-