**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BILLY CEPERO,

    Petitioner,

vs.

BRIAN WILLIAM, et al.,

    Respondents.

Case No. 2:14-cv-01397-JAD-PAL

**ORDER**

    The court directed petitioner to file an amended petition for a writ of habeas corpus because in his original petition he presented only bare legal claims without any allegations of fact. Instead of filing an amended petition, petitioner has submitted a motion to stay the proceedings. Petitioner argues that this is a protective petition that he filed because the timeliness of his current state habeas corpus proceedings is in question, which in turn could affect the timeliness of his federal habeas corpus petition. That uncertainty can be good cause for the court to stay a petition. See Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). Pace assumes that there is something to stay, but petitioner has alleged nothing in his original petition. If the court were to stay the action, petitioner still would need to file an amended petition to correct that defect. The date of filing of the amended petition could relate back to the date of filing of the original petition "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts . . . ." Mayle v. Felix, 545 U.S. 644, 664 (2005). In petitioner's case, there cannot be a common core of operative facts because petitioner has not alleged any facts in the original petition. The amended petition will need to stand on its own for the purposes of timeliness. If the court granted a stay to petitioner

under these circumstances and then required him to file an amended petition after lifting the stay, it is possible that the amended petition then would be untimely.[1]  The court will not lay such a trap for petitioner.  Instead, the court will grant petitioner one more opportunity to file an amended petition that corrects the defects noted in the court's earlier order.  The court repeats, because it is important, that the effective date of commencement for the one-year period of limitation of 28 U.S.C. § 2244(d)(1) is the date that petitioner mails the amended petition to the court.  Petitioner should not construe any time to file the amended petition as an extension of the one-year period of § 2244(d)(1).

IT IS THEREFORE ORDERED that petitioner's motion to stay proceedings (#8) is **DENIED**.

IT IS FURTHER ORDERED that petitioner shall have until January 15, 2015, to file an amended petition in accordance with the court's earlier order (#5).

DATED: December 16, 2014.

_____
JENNIFER A. DORSEY
United States District Judge

---

[1] The court makes no comment on whether this action is untimely regardless of how the state courts rule on the timeliness of his state petition.

-2-