# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BILLY CEPERO, | Case No. 2:14-cv-01397-JAD-PAL |
| Petitioner, | **Order Denying Motion to Stay, Granting Motion for Leave to File Excess Pages, and Directing Petitioner to Show Cause Why This Action Should Not Be Dismissed as Untimely** |
| vs. | |
| BRIAN WILLIAM, et al., | |
| Respondents. | |

Petitioner has filed a motion for permission to file a petition with additional pages (#11) and an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#12). The court grants petitioner's motion.

Petitioner also has filed a motion to stay proceedings (#10), asking the court to stay this action until his state post-conviction proceedings conclude. The court takes judicial notice of the on-line docket of the Nevada Supreme Court in Cepero v. State, Case No. 65785.[1] The Nevada Supreme Court referred the action to the Nevada Court of Appeals. On March 17, 2015, the Nevada Court of Appeals ruled that the state post-conviction habeas corpus petition was untimely.[2] Petitioner did not seek review of that decision, and the Nevada Supreme Court issued its remittitur on May 8, 2015. The conclusion of the state-court proceedings has made the motion to stay (#10) moot, and the court denies it.

The court has reviewed the amended petition (#12) pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Two problems exist. First,

---

[1]http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=33981 (last visited June 11, 2015).

[2]http://nvcourts.gov/Supreme/Decisions/Court_of_Appeals/Orders/65785OrderofAffirmance/ (last visited June 11, 2015).

1   petitioner has not corrected the problems with the original petition (#6).  The court directed

2   petitioner to file an amended petition because the original petition (#6) contained three grounds that

3   did not allege any facts.  See Mayle v. Felix, 545 U.S. 644, 649, 656 (2005).  The amended petition

4   (#12) contains nineteen grounds that do not allege any facts.  The court could dismiss the action

5   because petitioner not only has failed to correct the defects of the original petition, he has enlarged

6   those same defects.  However, a dismissal of that nature should leave open the possibility that

7   petitioner could return in a new action with properly pleaded grounds for relief, and that leads to the

8   second problem: it appears that this action is untimely.

9          Title 28 USC section 2244(d)(1) provides:

10         A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a
           person in custody pursuant to the judgment of a State court. The limitation period shall run
11         from the latest of—
           (A) the date on which the judgment became final by the conclusion of direct review or the
12         expiration of the time for seeking such review;
           (B) the date on which the impediment to filing an application created by State action in
13         violation of the Constitution or laws of the United States is removed, if the applicant was
           prevented from filing by such State action;
14         (C) the date on which the constitutional right asserted was initially recognized by the
           Supreme Court, if the right has been newly recognized by the Supreme Court and made
15         retroactively applicable to cases on collateral review; or
           (D) the date on which the factual predicate of the claim or claims presented could have been
16         discovered through the exercise of due diligence.

17   28 U.S.C. § 2244(d)(1).  If the judgment is appealed, then it becomes final when the Supreme Court

18   of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of

19   certiorari expires.  Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009).  See also Sup. Ct. R.

20   13(1).  Any time spent pursuing a properly filed application for state post-conviction review or other

21   collateral review does not count toward this one-year limitation period.  28 U.S.C. § 2244(d)(2).

22   The period of limitation resumes when the post-conviction judgment becomes final upon issuance

23   of the remittitur.  Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).  An untimely state

24   post-conviction petition is not "properly filed" and does not toll the period of limitation.  Pace v.

25   DiGuglielmo, 544 U.S. 408, 417 (2005).  Section 2244(d) is subject to equitable tolling.  Holland v.

26   Florida, 560 U.S. 631, 645 (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he

27   shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

28

1  circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at

2  418). Actual innocence can excuse operation of the statute of limitations. McQuiggin v. Perkins,

3  133 S. Ct. 1924, 1928 (2013). "'[A] petitioner does not meet the threshold requirement unless he

4  persuades the district court that, in light of the new evidence, no juror, acting reasonably, would

5  have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 515 U.S.

6  298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."

7  Bousley v. United States, 523 U.S. 614, 623 (1998). "In cases where the Government has forgone

8  more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must

9  also extend to those charges." Id. at 624. The petitioner effectively files a federal petition when he

10  mails it to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The court can

11  raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006);

12  Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

13      Petitioner was convicted of home invasion after a jury trial. The state district court

14  adjudicated him a habitual criminal and sentenced him to life imprisonment with eligibility for

15  parole starting after 10 years. The judgment of conviction was entered on September 20, 2010. Ex.

16  1 (#14). Petitioner appealed, and the Nevada Supreme Court affirmed on September 14, 2011. Ex.

17  8 (#14). For the purposes of § 2244(d)(1), the judgment became final on December 13, 2011.

18  Petitioner filed nothing in either state court or this court with regard to this judgment of conviction

19  in the following year, and the federal one-year period expired at the end of December 13, 2012.

20      On January 31, 2013, petitioner filed in state district court a post-conviction petition for a

21  writ of habeas corpus. Ex. 27 (#14). The state district court held a hearing on the timeliness of the

22  petition. Ex. 28 (#14). The state district court concluded that the petition was untimely pursuant to

23  Nev. Rev. Stat. § 34.726(1) because petitioner filed the petition more than one year after the Nevada

24  Supreme Court issued its remittitur in the direct appeal from the judgment. Ex. 29 (#14). Petitioner

25  appealed. As noted above, the Nevada Supreme Court referred the matter to the Nevada Court of

26  Appeals. On March 17, 2015, the Nevada Court of Appeals affirmed the dismissal of the state

27  petition as untimely. The remittitur issued on May 8, 2015.

28

-3-

1         The state habeas corpus petition has no effect upon the timeliness of this federal habeas

2    corpus petition for two separate reasons: (1) even if the state habeas corpus petition were eligible to

3    toll the federal one-year period of limitations, that period had expired by the time petitioner filed his

4    state petition, and there was no time left to toll pursuant to 28 U.S.C. § 2244(d)(2). See Ferguson v.

5    Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); and (2) the state courts concluded that the state

6    petition was untimely, and an untimely petition does not qualify for tolling under 28 U.S.C.

7    § 2244(d)(2). See Pace, 544 U.S. at 417.

8         It does not matter whether the amended petition (#12) relates back to the original petition

9    (#6).  Even using the most favorable dates for petitioner, he commenced this action more than a year

10    and a half after the federal one-year period had expired.  **Petitioner will need to show cause why**

11    **the court should not dismiss this action as untimely.**

12    **Conclusion**

13        IT IS THEREFORE ORDERED that petitioner's motion to stay proceedings **(#10) is**

14    **DENIED** as moot.

15        IT IS FURTHER ORDERED that petitioner's motion for permission to file a petition with

16    additional pages **(#11) is GRANTED**.

17        IT IS FURTHER ORDERED that **petitioner has until July 20, 2015, to show cause why**

18    **the court should not dismiss this action as untimely.**  If petitioner believes he can demonstrate

19    that this action should not be dismissed as untimely, he must file a document entitled "Response to

20    Order to Show Cause" by July 20, 2015, in which he explains in detail, attaching properly

21    authenticated documents and other evidence as necessary, why his action is timely.  If petitioner

22    does not timely demonstrate that this action should not be dismissed as untimely for the reasons

23    explained above, the court will dismiss this action, and the dismissal may be with prejudice.  **If**

24    **petitioner files a Response to Order to Show Cause, respondents will have 14 days from the**

25    **date of service of that response to file a reply brief.**

26        IT IS FURTHER ORDERED that, from this point forward, petitioner must serve upon

27    counsel for respondents a copy of every pleading, motion or other document submitted for

28

-4-

consideration by the court.  Petitioner must include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the respondents or counsel for the respondents.  The court may disregard any paper received by a district judge or magistrate judge that has not been filed with the clerk, and any paper received by a district judge, magistrate judge, or the clerk that fails to include a certificate of service.

DATED: June 19, 2015

JENNIFER A. DORSEY
United States District Judge

-5-