# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BILLY CEPERO,

    Petitioner,

vs.

BRIAN WILLIAM, et al.,

    Respondents.

Case No. 2:14-cv-01397-JAD-PAL

**ORDER DISMISSING PETITION WITH PREJUDICE AS UNTIMELY**

Petitioner Billy Cepero filed this § 2254 habeas petition to challenge his 2010 state-court conviction for home invasion.[1] The court directed petitioner to show cause why this action should not be dismissed as untimely.[2] Petitioner has filed a response (ECF No. 20), and respondents have filed a reply (ECF No. 21). Because petitioner and his counsel have not persuaded the court that equitable tolling is warranted, the court now dismisses this action as untimely.

## Discussion

**A.    Equitable tolling**

"[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."[3] Petitioner first argues that he was unable to obtain his files from attorney Michael Sanft, Esq., who represented petitioner at trial and sentencing. However, respondents note correctly that petitioner requested and obtained the files from Sanft while the direct appeal was still

---

[1] ECF No. 12 at 2.

[2] ECF No. 16.

[3] *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)).

pending and thus before the one-year period of limitation started.[4] This was not an extraordinary circumstance that stood in the way of petitioner filing a federal habeas corpus petition.

Petitioner next argues that he was unable to obtain his files from Thomas Michaelides, Esq., who represented him on direct appeal. But, as respondents note correctly, petitioner did not start his efforts to obtain those files until after the state one-year period of limitation already had expired.[5] Here again, petitioner has not demonstrated the diligence necessary for equitable tolling.

Nor can petitioner demonstrate a basis for equitable tolling for the time that his state habeas corpus petition was pending in the state courts (between January 13, 2013, when he filed that petition, and August 12, 2014, when he effectively commenced this action).[6] The state statute of limitation, Nev. Rev. Stat. § 34.726(1) is a pleading requirement. Petitioner, represented by counsel, used the authorized form, and he acknowledged that the petition was filed more than one year after remittitur was issued.[7] Petitioner thus knew at the time he filed the state petition that he had a problem with the timeliness of his state habeas corpus petition. As the Supreme Court recognized in *Pace v. DiGuglielmo*, an untimely state petition does not toll the federal period of limitation.[8] Petitioner thus also knew or should have known that he had a problem with the timeliness of any federal habeas corpus petition. *Pace* proposes a solution for that problem: file a federal habeas corpus petition simultaneously and then move to stay the action.[9] Instead, petitioner waited more than a year until after the state district court dismissed his petition for untimeliness. He has not demonstrated that he was unable to litigate—because he was litigating in state court. He

---

[4] *See* ECF No. 14-11 (Exhibit 11).

[5] *See* ECF No. 14-19 (Exhibit 19).

[6] The state post-conviction proceedings were still active on August 12, 2014. They concluded on May 8, 2015. http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=33981 (report generated July 26, 2017).

[7] ECF No. 14-27 (Exhibit 27) at 5.

[8] *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

[9] *Pace*, 544 U.S. at 414.

-2-

also has not demonstrated diligence because *Pace* instructs petitioner what to do in this situation, and he failed to do it.

**B.     Certificate of appealability**

Because reasonable jurists would not find the court's conclusions to be debatable or wrong, the court will not issue a certificate of appealability.

**C.     Pending motions**

Petitioner has also filed a proper-person motion for the court to direct the Nevada Department of Corrections to provide recordings of attorney-client legal phone calls (ECF No. 22). Respondents move to strike it (ECF No. 23). The court grants respondents' motion to strike because petitioner is represented by counsel, and the court's local rules require all motions to be filed through counsel when a party is represented.[10]

**Order**

IT IS THEREFORE ORDERED that respondents' motion to strike **[ECF No. 23] is GRANTED**. The clerk of the court is directed to **STRIKE [ECF No. 22]** petitioner's -person motion for the court to direct the Nevada Department of Corrections to provide recordings of attorney-client legal phone calls.

IT IS FURTHER ORDERED that **this action is DISMISSED** with prejudice because it is untimely. The clerk of the court is directed to **enter judgment** accordingly **and close this case**.

IT IS FURTHER ORDERED that **a certificate of appealability is DENIED**.

DATED: August 23, 2017.

_____
JENNIFER A. DORSEY
United States District Judge

---

[10] *See* LR IA 11-6(a).