|     |     |
| --- | --- |
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |
| Billy Cepero,<br><br>　　　　Petitioner<br><br>v.<br><br>Brian Williams, et al.,<br><br>　　　　Respondents | 2:14-cv-01397-JAD-PAL<br><br>**Order Denying Motions as Moot**<br><br>[ECF Nos. 35, 36, 39] |

　　　Earlier in this habeas corpus action, I dismissed counseled petitioner Billy Cepero's petition as untimely, struck his proper-person motion to compel the production of attorney-client legal phone call recordings, closed the case, and denied him a certificate of appealability.[1] Cepero then filed two more proper-person motions: one asking me to reconsider my prior orders,[2] and one asking for an extension of time to file a petition for a certificate of appealability.[3] I denied the reconsideration motion because Cepero failed to demonstrate new evidence, fraud, or a mistake by the court—he merely repeated the same arguments that I already considered and rejected.[4] I also denied his time-extension request because I had already declined to issue a certificate of appealability, and Cepero had not yet filed a notice of appeal.[5]

　　　Before I issued my order denying those two motions, Cepero filed a notice that he was not receiving the government's responses. The government responded that they mailed their

---

[1] ECF No. 24.

[2] ECF No. 27.

[3] ECF No. 26.

[4] ECF No. 33.

[5] *Id.*

responses to the court, Cepero, and his counsel Christopher Oram;[6] that they contacted Ely State Prison to confirm whether he received their mail (they did not indicate what that investigation uncovered); and that, going forward, they would mail their filings to Cepero only.[7] Now Cepero has three more proper-person motions pending: (1) a motion for a time extension to reply to the government's responses to his not-receiving-responses notice and his request for more time to file a certificate of appealability;[8] (2) a motion for a due-process right to reply to pending motions;[9] and (3) a motion to correct an error in his due-process-right motion.[10]

Confusingly, the first motion is filed as a motion to reply to ECF Nos. 30 and 26, but the motion itself asks on the title page for more time to reply to the government's opposition to his motion for reconsideration—which would be ECF Nos. 27 (the motion) and 29 (the opposition)—and then in the body of his motion Cepero says he wants more time to reply to ECF Nos. 28 (the response to No. 26) and 32 (the response to No. 30). It's unclear what exactly Cepero is asking for, but it's clear that he is not entitled to any of it.

This case finally concluded months ago when I denied Cepero's motion to have me reconsider my dismissal of his untimely filed habeas corpus petition. These three pending motions are therefore moot. As I explained to Cepero on November 13, 2017,[11] he may appeal any of my decisions to the Ninth Circuit.

Accordingly, IT IS HEREBY ORDERED that Cepero's motions to extend time to reply

---

[6] It is unclear whether Christopher Oram continues to represent Cepero in this matter because Cepero's actions have been in proper person ever since I denied the petition for a writ of habeas corpus. Despite the government's alleged mailings to Oram, Oram has not clarified this ambiguity.

[7] ECF No. 32.

[8] ECF No. 35.

[9] ECF No. 36.

[10] ECF No. 39.

[11] ECF No. 33.

**[ECF No. 35]**, for a due-process right to reply **[ECF No. 36]**, and to correct an error in his first motion **[ECF No. 39] are DENIED as moot**.

DATED: January 4, 2018.

_____
U.S. District Judge Jennifer A. Dorsey